UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILANDA JAMISON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:15CV1791 JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Philanda Jamison's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Movant argues that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). The motion will be denied and dismissed.

Movant pled guilty to distribution of heroin, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). *United States v. Harrison*, No. 4:11CRJAR (E.D. Mo.). Defendant was originally sentenced to 151 months' imprisonment. However, pursuant to Fed.R.Crim.P. 35, movant's sentence was reduced to 115 months' imprisonment, and 3 years' supervised release. Movant's sentence was enhanced under U.S.S.G. § 4B1.1 because he qualified as a Career Offender.[1]

In his motion to vacate, movant argues that he did not qualify as a Career Offender because his Missouri conviction for second degree assault in 1998 was not a "crime of violence" under the ruling in *Johnson*.

---

[1] Movant qualified for a Chapter Four Enhancement under the 2011 U.S.S.G. because he was at least 18 years old at the time of the conviction; the conviction was for a felony that is either a crime of violence or a controlled substance offense; and the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1. Movant's prior convictions included Assault in the Second Degree, Circuit Court, St. Louis County, Missouri, under Case No. 21-98CR001333 and a conviction for Possession with Intent to Distribute More than 5 Grams of Crack Cocaine, Case No. 4:05CR509 CDP (E.D.Mo.).

In *Johnson*, the Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process. 135 S.Ct. at 2563. *Johnson* did not address sentence enhancements under Chapter 4 of the United States Sentencing Guidelines.

The *Johnson* decision does not apply to enhancements under the Guidelines. *See United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990) ("Because there is no constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague."). Although the Court is aware that the Court of Appeals for the Eighth Circuit has stated that "[the] reasoning in *Wivell* . . . is doubtful under *Johnson*," *United States v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015), the Court is bound by controlling Circuit precedent. *See United States v. Wivell*, 893 F.2d 156 (8th Cir. 1990) (holding that the guidelines "are simply not susceptible to a vagueness attack").

Even if *Johnson* were to apply to enhancements under the Guidelines, movant would not be entitled to relief. The crime of second-degree assault qualifies as a crime of violence in this instance. *See United States v. Alexander*, 809 F.3d 1029 (8th Cir. 2016) (finding that knowingly attempting to cause violence to another by use of a dangerous instrument). In movant's case, he attempted to run over a police officer with his car, causing the officer to have to jump back to avoid being hit by the vehicle.[2]

For these reasons, movant is not entitled to federal habeas relief. Furthermore, movant has failed to make a substantial showing of the denial of a constitutional right, which requires a

---

[2] The Court has reviewed the state court records and the Presentence Report and found that under the modified categorical approach movant's acts qualified as a crime of violence.

demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Robert Wolfrum's motion to withdraw as counsel is **GRANTED**.

**IT IS FURTHER ORDERED** that movant's motion for relief under 28 U.S.C. § 2255 is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 14th day of March, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE